UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MARK RORY WHITEHEAD,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| v. ) | Case No. 2:22-cv-08026-KOB |
| ) | 2:19-cr-0042-KOB-JEO |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

### MEMORANDUM OPINION

This matter comes before the court on Mark Rory Whitehead's "Petition to Vacate/Set Aside Pursuant to 28 U.S.C. § 2255." (Cv. Doc. 1). On August 26, 2019, Mr. Whitehead signed a plea agreement in which he pled guilty to violating 18 U.S.C. § 922(g)(1), which prohibits a convicted felon from possessing a firearm. (Cr. Doc. 51).[1] Mr. Whitehead later moved to withdraw that guilty plea. (Cr. Doc. 74). After a hearing, the court denied his motion to withdraw the guilty plea. (Cr. Doc. 86). The court then sentenced Mr. Whitehead on February 9, 2021 to 180 months of federal prison time. (Cr. Doc. 89). Mr. Whitehead appealed his

---

[1] Documents from Mr. Whitehead's criminal trial, case number 2:19-cr-042-KOB-JEO, are designated "Cr. Doc. ___." Documents from Mr. Whitehead's § 2255 action, case number 2:22-cv-08026-KOB, are designated "Cv. Doc. ___."

conviction to the Eleventh Circuit, which affirmed the conviction. *United States v. Whitehead*, 2021 WL 5293199 (11th Cir. Nov. 15, 2021).

Mr. Whitehead now collaterally attacks his conviction on the basis that his counsel, Julian Hendrix, was ineffective because he advised Mr. Whitehead to enter the plea agreement rather than preserving his right to appeal the district court's earlier denial of a motion to suppress by entering a conditional plea or proceeding with a bench trial. Mr. Whitehead further argues that Mr. Hendrix's representation was defective because he failed to explain adequately the impact of the Armed Career Criminal Act on the Sentencing Guidelines as applied to Mr. Whitehead. But Mr. Whitehead fails to demonstrate a reasonable probability of success had he been able to appeal the suppression ruling, and the portion of his collateral attack related to the impact of the ACCA on his sentencing essentially repackages arguments that the Eleventh Circuit rejected on his direct appeal. So, the court will deny Mr. Whitehead's motion.

I.     **BACKGROUND**

Prior to his arrest for the felon in possession charge giving rise to his current incarceration, Mr. Whitehead accumulated seven felony convictions: three for assault with a dangerous weapon; one for stalking; two for assaulting, resisting, or obstructing a police officer; and one for carrying a concealed weapon. (Cr. Doc. 88 at ¶¶ 30-34). On April 17, 2018 a United States Marshals task force executed a

warrant for Mr. Whitehead's arrest at his home in Bessemer, Alabama. While conducting a safety sweep of the house, officers discovered a 12-gauge shotgun in a closet. Mr. Whitehead admitted that the shotgun was his and permitted the officers to search the rest of the house, where they found an additional rifle and a revolver. (Cr. Doc. 88 at ¶¶ 10-11).

    A.    <u>Criminal Proceedings</u>

On January 31, 2019, a grand jury returned an indictment that charged Mr. Whitehead with violating 18 U.S.C. § 922(g)(1) by knowingly possessing a firearm as a convicted felon. (Cr. Doc. 1).[2] Mr. Whitehead filed a motion to suppress the evidence seized during the search of his home, arguing that the initial protective sweep during which task force officers found the shotgun in an open closet was unjustified and therefore violated his Fourth Amendment rights to protection from unlawful searches and seizures. (Cr. Docs. 15, 24). The magistrate judge overseeing Mr. Whitehead's case held suppression hearings on April 17 and April 30, 2019. (Cr. Docs. 31, 34). After the two hearings, the magistrate judge issued a report and recommendation that the court deny Mr. Whitehead's suppression motion. (Cr. Doc. 37). The court overruled Mr. Whitehead's objections to the R&R and denied his motion to suppress. (Cr. Docs. 43, 44).

---

[2] A grand jury later returned a superseding indictment charging substantially the same offense on July 30, 2019. (Cr. Doc. 41).

After the court denied his motion to suppress, Mr. Whitehead entered a plea agreement with the government and pled guilty on August 26, 2019. (Cr. Docs. 51, 81). On October 30, 2020, months after his plea hearing but prior to his sentencing, Mr. Whitehead, now represented by his current counsel Samuel Holmes, moved to withdraw his guilty plea. He argued that he had "admitted guilt *without* any valuable consideration in exchange," thereby "destroy[ing] the *intentional, knowing, and/or voluntary* components of a *valid* guilty plea." (Cr. Doc. 74 at ¶¶ 4-5) (emphasis in original). After a motion hearing, the court denied Mr. Whitehead's request to withdraw his plea on December 9, 2020. (Cr. Docs. 86, 99). The court then sentenced Mr. Whitehead on February 9, 2021 to a prison term of 180 months. (Cr. Doc. 89).

Mr. Whitehead filed a timely notice of appeal on February 19, 2021. (Cr. Doc. 92). On appeal, Mr. Whitehead argued that the district court "abused its discretion in denying his motion to withdraw his guilty plea because he received no consideration for his guilty plea" and because "his plea was not knowing and voluntary" and he "did not receive close assistance of counsel." He also argued that the district court erred in denying his motion to suppress. *Whitehead*, 2021 WL 5293199 at *2. The Eleventh Circuit affirmed the conviction, finding that Mr. Whitehead entered his plea agreement knowingly and voluntarily based on the record of the plea colloquy and that he received a benefit from the agreement

because the court had discretion to sentence him above the mandatory minimum sentence that he received. Because the plea agreement included an appeal waiver, the Eleventh Circuit also found that Mr. Whitehead had waived his right to appeal the denial of his motion to suppress, and therefore it did not reach the merits of that issue. *Whitehead*, 2021 WL 5293199 at *3-*4.

    B.    <u>Habeas Case</u>

Mr. Whitehead filed his current habeas petition on July 13, 2022. (Cv. Doc. 1). The court ordered the government to show cause why it should not grant the petition on July 19, 2022, and the government filed its response on September 2, 2022. (Cv. Docs. 2, 6). The court subsequently notified Mr. Whitehead that it would treat his case as ripe for summary disposition and provided him the opportunity to submit any additional evidentiary materials or legal arguments for consideration by September 29, 2022. (Cv. Doc. 7). Mr. Whitehead sought and obtained an extension of time but ultimately did not file any materials. (Cv. Docs. 8, 9). Mr. Whitehead is currently in federal prison in Oklahoma City, Oklahoma, with a projected release date of March 5, 2031.

## II.    LEGAL STANDARD

The Sixth Amendment to the United States Constitution provides all criminal defendants with the right to the assistance of counsel. U.S. Const. amend. VI. But even when a defendant is represented, ineffective assistance of counsel

violates that Sixth Amendment right. A defendant's attorney renders ineffective assistance when (1) counsel's performance falls below an objective standard of reasonableness and (2) the defendant suffers prejudice because of the shortcomings in counsel's representation. *See Strickland v. Washington*, 466 U.S. 668, 684-91 (1984). Nevertheless, even when imperfect, a lawyer's assistance is not ineffective unless it is "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. So, the relevant inquiry is not whether a criminal defendant had a good lawyer, but rather "whether some reasonable lawyer . . . could have acted, in the circumstances, as defense counsel acted." *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc) (quoting *White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992)).

A defendant suffers prejudice from counsel's ineffective assistance if he can show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

### III. DISCUSSION

Mr. Whitehead argues that Mr. Hendrix "failed to advise [Mr. Whitehead] of the available avenues of pleading guilty, the application of the U.S.S.G. in accordance with the mandates of the Armed Career Criminal Act, and the unnecessary consequences that resulted as to [Mr. Whitehead's] inability to challenge the legality of the denial of his suppression request." (Cv. Doc. 1 at 5).

Essentially, Mr. Whitehead contends that (1) his trial counsel failed to advise him of the possibility of a "conditional" plea that would have preserved his right to appeal the denial of his motion to suppress; (2), alternatively Mr. Hendrix should have advised him to proceed with a bench trial to preserve his appellate rights; and (3) Mr. Hendrix should have advised him not to enter the plea agreement because it conferred no benefit on him because he was subject to a mandatory minimum sentence under the ACCA. *See* (cv. doc. 1. at 8-11).

Conditional Plea or Bench Trial

Mr. Whitehead first contends that Mr. Hendrix's representation was inadequate because he should have advised Mr. Whitehead to pursue a conditional plea or proceed with a bench trial rather than enter the plea agreement the government offered. (Cv. Doc. 1 at 9). First, the theoretical availability of a conditional plea does not establish that Mr. Hendrix's advice to accept a conventional plea agreement was outside the range of professionally competent assistance. A conditional plea is not a matter of right; rather, it requires "the consent of the court *and the government*." Fed. R. Crim. P. 11(a)(2) (emphasis added). *See also United States v. Ochoa*, 353 Fed. Appx. 390, 392-93 (11th Cir. 2009) (plea "fails to qualify" as conditional where "there is no indication in the record that the government agreed to the entry of a conditional plea"). Mr. Whitehead points to no evidence in the record from which the court could infer

that the government would have agreed to a conditional plea had Mr. Whitehead pursued one. In fact, the court understands that the U.S. Attorney's Office for the Northern District of Alabama has a policy *against* conditional pleas, and this judge has not seen one in ten or more years.

Second, even if he had been able to obtain a conditional plea agreement or proceeded with a bench trial and thereby maintain the ability to appeal the denial of his suppression motion, Mr. Whitehead has not demonstrated a reasonable probability that the Eleventh Circuit would have reversed the district court's decision on that motion. Mr. Whitehead's petition fails to identify any error in the district court's reasoning that could form the basis for an appellate court to reverse the district court and grant the suppression motion.

In his petition, Mr. Whitehead notes that his "request for suppression was so legitimate, it required two (2) hearings." (Cv. Doc. 1 at 6). But the holding of two hearings cuts both ways, as it demonstrates that the magistrate judge denied his motion only after carefully evaluating it and giving him every opportunity to present his evidence and arguments. Mr. Whitehead's only other statement on the merits of his suppression motion is that this court "articulated significant concerns regarding the suppression denial." (Cv. Doc. 1 at 9). Mr. Whitehead provides no citation for that statement, and after reviewing its memorandum opinion overruling his objections to the magistrate judge's report and recommendation (cr. doc. 43)

8

and transcripts of the plea hearing, sentencing hearing, and hearing on Mr. Whitehead's motion to withdraw his guilty plea (cr. docs. 81, 95, and 99), the court finds no articulation of concerns, significant or otherwise concerning the suppression ruling.[3] So, Mr. Whitehead has not identified any error that would have allowed him to prevail on an appeal as to the suppression motion.

As a result, Mr. Whitehead has not shown "a reasonable probability" of a different outcome and accordingly fails the prejudice prong of *Strickland*. And because he provides no reason to believe a conditional plea would have been available or that an appeal on the suppression motion could have succeeded, Mr. Whitehead likewise fails to demonstrate that Mr. Hendrix's performance was defective for failing to prioritize preservation of Mr. Whitehead's appeal rights.

<u>Voluntariness of Plea</u>

Mr. Whitehead's motion appears to rest primarily on the arguments discussed above. But because portions of his motion suggest he is also arguing that Mr. Hendrix's representation was ineffective because he failed to advise Mr. Whitehead of the ACCA's impact on the Sentencing Guidelines' application to Mr. Whitehead's case, the court briefly addresses that theory as well.

---

[3] The court did express at the sentencing hearing its belief that the mandatory minimum sentence was unjust as applied to Mr. Whitehead and its disappointment that it had no discretion to impose a lesser sentence. (Cr. Doc. 95 at 11-14, 24-27). But the court's only mention of the suppression ruling was in the hearing on Mr. Whitehead's motion to withdraw his guilty plea, where the court merely noted that Mr. Hendrix had filed such a motion and closely assisted Mr. Whitehead during a two-day suppression hearing. (Cr. Doc. 99 at 30-31).

On direct appeal, the Eleventh Circuit considered Mr. Whitehead's arguments that "his plea was not knowing and voluntary" and that "the district court abused its discretion in denying his motion to withdraw his guilty plea because he received no consideration" for it. *Whitehead*, 2021 WL 5293199 at *2. Mr. Whitehead's argument essentially runs thus: the primary benefits of his plea agreement included a three-point reduction under the Sentencing Guidelines that put his Guidelines range at 135-168 months and the government's recommendation of a sentence at the low-to-middle end of the guidelines range, but those benefits were illusory because the ACCA required that he receive a mandatory minimum sentence of 180 months. The Eleventh Circuit directly addressed and rejected these arguments:

> Mr. Whitehead argues that there was no consideration for his acceptance of the plea agreement, which negated the knowing and voluntary nature of his plea. He did, however, receive consideration for his guilty plea. The government agreed to recommend a sentence at the low-to-middle end of the advisory guidelines range. The mandatory minimum under the ACCA was just that—a minimum. The court had discretion to sentence Mr. Whitehead to more than that minimum—up to life—and could have done so through an upward variance. As such, the fact that Mr. Whitehead chose to plead guilty under these circumstances does not negate the knowing and voluntary nature of his plea.

*Whitehead*, 2021 WL 5293199 at *3.

To the extent Mr. Whitehead now raises the same argument that the plea was involuntary, that argument is procedurally barred. *See United States v. Nyhuis*, 211

10

F.3d 1340, 1343 (11th Cir. 2000) (matters decided adversely to a defendant on direct appeal cannot be relitigated in § 2255 motion). Likewise, Mr. Whitehead cannot repackage the argument as an ineffective assistance of counsel claim faulting Mr. Hendrix for advising him to enter a plea that did not truly benefit him; the Eleventh Circuit's ruling that the plea *did* confer a benefit on him despite the applicability of the mandatory minimum sentence defeats that argument. Because the plea agreement benefitted Mr. Whitehead, Mr. Hendrix's advice to enter it despite the mandatory minimum sentence falls within the "wide range of professionally competent assistance." *See Strickland*, 466 U.S. at 690.

Additionally, while Mr. Whitehead argues that Mr. Hendrix "did not advise Mr. Whitehead of the impact of the USSG / Armed Career Criminal Act" (cv. doc. 1 at 11), the court did explain them at the plea hearing, and Mr. Whitehead testified expressly under oath that he understood the ACCA enhancement and mandatory minimum sentence (cr. doc. 81 at 13-14). He also testified that Mr. Hendrix had discussed the Sentencing Guidelines with him and that he had no questions about them. (Cr. Doc. 81 at 14-15). Finally, Mr. Hendrix testified that he had discussed the ACCA enhancement with Mr. Whitehead, who did not dispute that testimony. (Cr. Doc. 81 at 15).

Moreover, the very applicability of the mandatory minimum means that Mr. Whitehead could not have received a lesser sentence had he declined to plead

guilty. His only paths to a more favorable outcome would have been a conditional plea or proceeding to trial in the hope of a successful verdict or appeal of the suppression ruling. As the court has already explained, *supra*, Mr. Whitehead cannot demonstrate that either of those paths had a "reasonable probability" of a more favorable outcome or that Mr. Hendrix was ineffective for failing to recommend them.

## IV. CONCLUSION

Mr. Whitehead's claims do not support relief under § 2255. His motion fails to demonstrate that a conditional plea was a path available to him or that he had a reasonable probability of success in appealing the denial of his suppression motion had he not waived his appeal rights in the plea agreement. His motion also rehashes arguments that the Eleventh Circuit rejected on direct appeal, which are procedurally barred as a direct argument and necessarily fail as grounds for finding that he received ineffective assistance of counsel from Mr. Hendrix. For the reasons outlined above, the court will therefore DENY Mr. Whitehead's motion under 28 U.S.C. § 2255.

**DONE** and **ORDERED** this 13th day of June, 2023.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE